UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PARFINIM NV,

        Petitioner,

-against-

WARDEN HERIBERTO TELLEZ,
Federal Bureau of Prisons, Metropolitan Detention Center, Brooklyn, New York, as custodian of Inigo Philbrick, Inmate No. 05863-093,

        Respondent.

22-CV-5260 (CM) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    Parfinim NV (Parfinim), petitioner here, is a plaintiff in a civil action now pending in a New York State court entitled *Parfinim NV v. Uovo Art, LLC*, et al., 656534/2019 (N.Y. Supr. Ct., N.Y. Co.) (the State Court Action). In this Court, Parfinim seeks a writ of habeas corpus ad testificandum addressed to the Warden of the Metropolitan Detention Center in Brooklyn, New York (MDC), directing the Warden to produce an MDC inmate, Inigo Philbrick, for a video deposition, to be conducted within the MDC, for use in the State Court Action. *See* Pet. (Dkt. No. 1) ¶¶ 3-9. Parfinim explains that Philbrick was recently sentenced to prison after pleading guilty in this Court to wire fraud in connection with "a Ponzi-like scheme of selling (or borrowing against) the same interests in artworks to multiple individuals and entities." *Id*. ¶ 1. Parfinim states that Philbrick's testimony is "critical" to the State Court Action, in which Parfinim and another art investor, Aiden Fine Arts, Inc. (Aiden), dispute the ownership of a painting called *Infinity-Nets*, which was part of Philbrick's fraudulent scheme. *Id*. ¶¶ 2-3, 5.

    The statutory authority for the modern writ of habeas corpus ad testificandum is found in 28 U.S.C. § 2241(c)(5), which, as relevant here, states that the writ "shall not extend to a prisoner unless . . . [i]t is necessary to bring him into court to testify or for trial," in tandem with 28 U.S.C.

§ 1651(a), which authorizes the federal courts to issue writs "in aid of their respective jurisdictions." Together, these provisions permit a federal court, "when necessary," to issue a writ which is addressed to the custodian of a state or federal prisoner and directs that custodian "to produce such prisoner for appearance in court." *Atkins v. City of New York*, 856 F. Supp. 755, 757 (E.D.N.Y. 1994) (collecting cases).[1] The decision whether to issue such a writ "is committed to the sound discretion of the district court," after considering "whether the prisoner's presence will substantially further the resolution of the case," "the security risks presented by the prisoner's transportation and safekeeping," and whether the underlying suit "can be stayed until the prisoner is released without prejudice to the cause asserted." *Id*. (citing *Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977)).  The court should also consider whether there are  "reasonable alternatives" to the prisoner's in-person testimony, such as remote testimony, "which would satisfy the needs of the litigants." *Twitty v. Ashcroft*, 712 F. Supp. 2d 30, 32 (D. Conn. 2009).[2]

Consistent with the statutory language, the writ is ordinarily issued by the federal court *in which the testimony is required*, and directs the custodian to bring the prisoner *to that court* to testify.[3] In this case, however, Parfinim does not want Philbrick delivered to this Court for

---

[1] *Atkins* was a civil rights action, pending in the Eastern District of New York, in which Atkins sought damages against the City of New York and others pursuant to 28 U.S.C. § 1983. As the case approached trial, defendants sought the writ in order to procure the trial testimony of a witness, Griswold, who was then incarcerated in New Jersey. 856 F. Supp. at 756. After agreeing that Griswold's anticipated testimony would be "pivotal to the defense," and that presenting it by deposition would be unsatisfactory, *id*. at 759, the court granted the motion and agreed to issue the writ "when the instant case is called for trial from the Court's 72-hour trial-ready list." *Id*.

[2] *See also Davidson v. Desai*, 964 F.3d 122, 132 (2d Cir. 2020) ("Given that he could participate electronically, Davidson failed to demonstrate that his physical presence at his civil trial was 'necessary,' and accordingly he was not entitled to a writ of habeas corpus ad testificandum."); *Thomas v. O'Brien*, 2011 WL 5452012, at *6 (N.D.N.Y. Nov. 8, 2011) (denying motion for writ by incarcerated plaintiff who wished to attend his civil trial where "the use of videoconferencing technology at USP Canaan" presented "a reasonable alternative to plaintiff's presence at court").

[3] *See, e.g.*, *Pennsylvania Bureau of Correction v. U.S. Marshals Serv.*, 474 U.S. 34, 38-39 (1985) (the writ requires the custodian to "bring the *party before the judge who granted the writ")* (quoting

2

testimony. Nor, for that matter, does it contend that there is any proceeding pending in this Court to which Philbrick's testimony would be relevant. Rather, Parfinim wants Philbrick delivered to a location within the MDC equipped with a "computer monitor with camera," so that he can provide deposition testimony for use in the State Court Action. *See* Prop. Writ (Dkt. No. 1, at ECF pp. 5-6). The Petition thus raises, but does not answer, significant questions as to:

(a) whether a federal writ of habeas corpus ad testificandum may be used to procure the testimony of a prisoner "in aid of" the civil jurisdiction of a New York State court rather than this Court, *cf*. 28 U.S.C. § 1651(a);[4]

(b) whether a writ of habeas corpus ad testificandum may be used to mandate an in-prison deposition, rather than "to bring [the prisoner] into court to testify or for trial," 28 U.S.C. § 2441(c)(5);[5] and

---

*In re Thaw*, 166 F. 71, 74-75 (3d Cir. 1908)); *Barnes v. Black*, 544 F.3d 807, 809 (7th Cir. 2008) ("These writs can be used to *get a prisoner into the district court* from anywhere in the country[.]); *ITEL Cap. Corp. v. Dennis Min. Supply & Equip., Inc.*, 651 F.2d 405, 408 (5th Cir. 1981) ("[D]istrict courts have authority to issue writs of habeas corpus ad testificandum requiring the presence *in their court* of prisoners incarcerated [elsewhere]."); *Boland v. Wilkins*, 2021 WL 2106184, at *6 (D. Conn. May 25, 2021) ("The Court has authority to order the State to produce an inmate to . . . testify at *a duly convened federal proceeding*.") (emphases added).

[4] In *United States v. Mandel*, 857 F. Supp. 253 (E.D.N.Y. 1994), the district court that had tried and sentenced Mandel stated, in *dicta*, that it had the authority to order Mandel produced to testify in a state civil action in which he was the plaintiff, because "[a]s a condition of his sentence, Mandel was ordered to place the proceeds of his civil action in a restitution fund," making his state court testimony "appropriate to effectuate [that] order." *Id*. at 254-55. However, the court denied Mandel's application for a writ because the government presented several lower-cost alternatives, including "a videotaped deposition of defendant which counsel may offer at trial." *Id*. at 255.

[5] *See*, *e.g.*, *Mills v. Fenger*, 2008 WL 2357619, at *3 (W.D.N.Y. June 4, 2008) (denying a joint request from the parties to a civil action for a writ that would allow an incarcerated plaintiff "to participate in a video telephone conference among counsel in an attempt to settle the case" because, among other things, the request had "a questionable jurisdictional basis").

(c) whether, given that the parties seek only the prisoner's deposition testimony, any writ is required.[6]

These questions must be answered before the Court can consider whether it should exercise its discretion for the benefit of the parties to the State Court Action. Consequently, it is hereby

ORDERED that Parfinim and Aiden shall appear through counsel for a telephonic conference on **July 13, 2022, at 11:00 a.m.**, to discuss the issues set forth above. The parties must call **(888) 557-8511** on their scheduled date, a few minutes before their scheduled time, and enter the access code **7746387. Please treat the teleconference as you would treat a public court appearance.** It is further

ORDERED that counsel for Parfinim shall promptly serve copies of this Order on the Bureau of Prisons (BOP), though the Legal Department at the MDC, and the Civil Division of the United States Attorney's Office (USAO) in this District, and shall request that a representative of the BOP and/or the USAO attend the conference so that the Court may have the benefit of their views. It is further

ORDERED that any party or government agency wishing to file a letter-brief addressing the questions set forth above may do so no later than **July 7, 2022**.

Dated: New York, New York  
June 27, 2022

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**

---

[6] *See Rivera v. Santirocco*, 814 F.2d 859, 864 n.8 (2d Cir. 1987) (counseling district courts to consider "alternatives" to writs of habeas corpus ad testificandum, including "using a prisoner's deposition in place of his trial testimony" or "taking testimony at the prison"); *Mandel*, 857 F. Supp. at 255 (denying writ but ordering, as an alternative, that prison officials "make defendant available and provide appropriate facilities to enable" either a videotaped deposition or audio testimony at trial).